PER CURIAM.
This is an appeal from a conviction for sale of phencyclidine (PGP). The state concedes that the chain of custody of the substance seized was not established and the substance itself was properly excluded at trial. The chain of possession from the law enforcement agents to the chemist was established, but the agents did not identify the particular envelope in which the substance taken from the defendant was placed and the chemist was given several envelopes at the same time. Further, the testimony at trial did not establish that all the envelopes delivered the same day contained phencyclidine. Thus, the testimony by the chemist cannot stand.
In this case, however, the law enforcement agents were allowed to testify that they performed a “field test” on the substance which tested positive for phency-clidine. There was no objection by the defendant to the qualifications of the agents or to the validity of the test. Therefore, this evidence stands unrefuted and was properly considered in ruling on a motion for a judgment of acquittal.
We, therefore, AFFIRM.
McCORD, C. J., and BOYER and MILLS, JJ., concur.